

# THE ATTORNEY GENERAL
## OF TEXAS

May 18, 1987

JIM MATTOX
ATTORNEY GENERAL

Mr. Vernon M. Arrell
Commissioner
Texas Rehabilitation Commission
118 East Riverside Drive
Austin, Texas 78704

Opinion No.   JM-700

Re: Whether all disabled persons have a right of access to transportation supported by public funds

Dear Mr. Arrell:

As Commissioner of the Texas Rehabilitation Commission, you request an Attorney General Opinion on whether the Human Resources Code provides to all disabled persons the right of access on transportation supported by public funds. In your request, you define "transportation" to include buses, street cars, trolleys, light rail, airlines, vehicles provided for governmental workers, and any other mode of transportation supported with public funds.

The state's policy regarding participation by the handicapped in social and economic activities is codified in chapter 121 of the Human Resources Code. Section 121.001 of the code provides:

> The policy of the state is to encourage and enable physically handicapped persons to participate fully in the social and economic life of the state, to achieve maximum personal independence, to become gainfully employed, and to otherwise fully enjoy and use all public facilities available within the state.

Relevant definitions are found in section 121.002:

> (3) 'Public facilities' includes streets, highways, sidewalks, walkways, all common carriers, airplanes, motor vehicles, railroad trains, motor buses, streetcars, boats, or any other public conveyances or modes of transportation, hotels, motels, or other places of lodging, public buildings maintained by any unit or subdivision of government, buildings to which the general public is invited, college dormitories and other educational facilities, restaurants or other places where food is offered for sale to the public, and

all other places of public accommodation, amusement, convenience, or resort to which the general public or any classification of persons from the general public is regularly, normally, or customarily invited.

(4) 'Handicapped person' means a person who has a mental or physical handicap, including mental retardation, hardness of hearing, deafness, speech impairment, visual handicap, being crippled, or any other health impairment which requires special ambulatory devices or services. (Emphasis added).

Your term "disabled persons" corresponds with the section 121.002 definition of "handicapped persons."

To ensure that the above-stated public policy is given effect, the legislature prohibited discrimination against a physically handicapped person because of the person's handicap. Section 121.003 of the Human Resources Code provides, in pertinent part:

(a) Subject only to limitations and conditions established by law and applicable alike to all persons, persons who are physically handicapped have the same right as the able-bodied to the full use and enjoyment of any public facility in the state.

(b) No common carrier, airplane, railroad train, motor bus, streetcar, boat, or other public conveyance or mode of transportation operating within the state may refuse to accept as a passenger a person who is physically handicapped solely because of the person's handicap. nor may a handicapped person be required to pay an additional fare because of his or her use of a support dog, wheelchair, crutches, or other device used to assist the handicapped person in travel.

(c) No person who is physically handicapped may be denied admittance to any public facility in the state because of the handicapped person's use of a white cane, support dog, wheelchair, crutches, or other device of assistance in mobility, or because the person is handicapped.

(d) The discrimination prohibited by this section includes discrimination through an open and obvious refusal to allow a handicapped person to use or be admitted to any public facility, as

well as discrimination based on a ruse or subter-
fuge calculated to prevent or discourage a handi-
capped person from using or being admitted to a
public facility. Regulations relating to the use
of public facilities by any designated class of
persons from the general public may not prohibit
the use of particular public facilities by
handicapped persons who, except for their handi-
caps or use of support dogs or other devices for
assistance in travel, would fall within the
designated class. Lists containing the names of
persons who desire to use particular public
facilities may not be composed or manipulated so
as to deny a handicapped person a fair and equal
opportunity to use or be admitted to any public
facility. (Emphasis added).

Subsection (a) provides equal access on public transportation to
handicapped persons. Subsection (b) prohibits discrimination based on
physical handicap. Although your inquiry is limited to the right of
access to transportation supported by public funds, the statute makes
no such distinction. Discrimination is prohibited on any mode of
public transportation that operates in Texas. It is public use, not
public funding that controls.

Both civil and criminal penalties are prescribed to enforce
the state's policy that all persons "fully enjoy and use all public
facilities." Section 121.004 provides:

(a) A person, firm, association, corporation,
or other organization, or the agent of a person,
firm, association, corporation, or other organi-
zation who violates section 121.003 of this
chapter is guilty of a misdemeanor and on convic-
tion shall be punished by a fine of not less than
$100 nor more than $300.

(b) In addition to the penalty provided in
subsection (a) of this section, a person, firm,
association, corporation, or other organization,
or the agent of a person, firm, association,
corporation, or other organization who violates
the provisions of section 121.003 of this chapter
is deemed to have deprived a handicapped person of
his or her civil liberties. The handicapped per-
son deprived of his or her civil liberties may
maintain a cause of action for damages in a court
of competent jurisdiction, and there is a con-
clusive presumption of damages in the amount of at
least $100 to the handicapped person.

## S U M M A R Y

All persons, regardless of any physical disability, have the same right of access to public transportation facilities that operate in this state. No physically handicapped person may be refused acceptance as a passenger on any mode of public transportation solely because of his handicap.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Karen Gladney
Assistant Attorney General